S. W. LOUGHRIDGE, Appellant, v. IOWA LIFE & ENDOWMENT ASSOCIATION, Appellee.

1. **Mutual Benefit Association**: ASSESSMENTS: TENDER: SUFFI-CIENCY. Where the amount of an assessment upon a member of a mutual benefit association was tendered to the secretary, who refused to accept the same because not paid within the time required by the by-laws of the association, and some months afterwards, upon the commencement of an action of *mandamus* to compel his reinstatement, the member paid the amount of the assessment into court, *held*, that the tender was good under the provisions of section 2104 of the Code.

2. ——: ——: PAYMENT: FORFEITURE: CUSTOM. Where the custom and course of business of a mutual benefit association has been to receive payment of assessments upon its members after the expiration of the time provided in its by-laws and membership certificates, *held*, that such action, together with the statement of the secretary of the association that a forfeiture of membership in the association would not be enforced on account of the nonpayment of such assessments within the time thus provided for, operated as a waiver of the right of the association to claim a forfeiture upon such ground.

3. ——: ——: ——: ——:. FRAUD. Membership in a mutual benefit association, which is subject to forfeiture because of the nonpayment of an assessment upon the member, will not warrant the association in declaring a forfeiture of such membership certificate for the purpose merely of aiding it in certain litigation pending between the association and such member.

*Appeal from Mahaska District Court.*—HON. D. RYAN, Judge.

THURSDAY, DECEMBER 17, 1891.

ACTION in *mandamus* to compel the defendant to restore the plaintiff's name to its roll of members. A demurrer to the petition was sustained, and, the plaintiff refusing to further amend his pleading, judgment was rendered for the defendant. The plaintiff appeals. *Reversed.*

*Bolton & McCoy*, for appellant.

*Haskell & Greer* and *J. F. & W. R. Lacy*, for appellees.

BECK, C. J.—I. The petition was filed April 12, 1889, and alleges that the plaintiff is a member of the defendant association, under a policy sufficiently described; that he paid all dues and assessments on the policy, and has fully complied with the conditions thereof; that the defendant made an assessment on the plaintiff's policy to pay a death loss, and notified the plaintiff thereof, the last day of payment being March 30, 1889; that on the twenty-third and again on the twenty-ninth day of March, within the time prescribed for paying the assessment, during the business hours of each day, he went with the money to the defendant's office to pay the assessment, but was unable to do so, for the reason that he found no one in the office. On the following third day of April he again went to the defendant's office and offered to pay the assessment, and tendered the amount thereof to the defendant's secretary, who was authorized to receive it, but it was refused; and thereupon the plaintiff was dropped from the roll of membership, and his policy declared forfeited by the defendant. It is alleged that these acts of the defendant are fraudulently done, in order to defeat the plaintiff in another action against the defendant, and that the defendant has refused to reinstate the plaintiff, though requested so to do.

On the fourth day of October, 1889, the plaintiff filed an amended petition alleging that he was and is in good health, and the defendant did not refuse to accept payment of the assessment for the reason that the plaintiff was in bad health or over age, but for the fraudulent reason before stated. The amendment contains the following further allegation: "That plaintiff is now ready and willing to pay said assess-

ment, and all subsequent assessments that may have been made since defendant wrongfully declared said forfeiture, or that may be made pending the trial of this cause; that plaintiff, on the fourth day of October, 1889, paid to the clerk of said court, F. E. Smith, one dollar, and the same is now in the hands of said clerk; that said dollar was paid to said clerk for the said association, and for said assessment; that no other assessments have been made upon plaintiff, excepting this, which have not been paid. Plaintiff further alleges that, prior to the date at which defendants claimed the forfeiture, defendant had repeatedly received assessments from this plaintiff, and from other parties, more than thirty days after notice had been given, as required under the by-laws, that such assessments had been made; that defendant's secretary, Cyrus Beede, told plaintiff that it was all right if assessments were not paid within the thirty days, and that they could be paid afterwards, without examination, and as if paid within the said time; that said secretary, prior to the date of said alleged forfeiture, has repeatedly taken assessments from plaintiff after the thirty days' notice had expired; that it was the custom of the defendant to take the assessments after more than thirty days had expired from the date of the notice; that twice before said alleged forfeiture plaintiff had suffered more than thirty days to elapse before paying the assessment on his own policy, and also upon policy No. 835, upon the life of Mary E. Loughridge, plaintiff's sister, and also on policy No. 437, upon the life of Austin Gray, and policy No. 436, upon the life of Sarah E. Gray, plaintiff's father-in-law and mother-in-law; that plaintiff was the agent for said parties, and paid their assessments for them, and relying upon the statement of said Beede that assessments could be paid after the thirty days, and upon the custom of the defendant to so receive the said assessments, plaintiff had permitted said policies to lapse, and that said defendant had

received the assessments after more than thirty days at the hands of the plaintiff, and as if paid within the thirty days, without examination, and without any steps being taken, except the payment of the money; that plaintiff relied upon the statement and the custom of defendant, as to the payment of assessments after more than thirty days, and believed that defendant would accept his assessment, as it had repeatedly done before, after more than thirty days; that the defendant waived the provisions in the by-laws and policies in reference to prompt payment, and by its course of dealing with plaintiff led him to believe that payment could be made after more than thirty days from date of notice of assessment, and defendant is estopped from claiming that plaintiff's policy is forfeited, and that he has no standing as a member in such association."

The policy contains this condition: "A failure to pay said annual dues or said assessments within the time or times above specified shall work a forfeiture of all rights under, and a cancellation of, this certificate, including a forfeiture of all payments made to this association; and the same shall become void in law and equity, unless said holder shall be restored to membership, as provided for in the by-laws of this association, at the date of said forfeiture."

This provision of the by-laws referred to in this provision is as follows: "Sec. 13. Membership forfeited by nonpayment of dues or assessments, within thirty days after notice, can be renewed within six months by paying arrearages and furnishing physician's certificate that the person is an insurable party, according to the original application." The power or authority of the secretary is expressed in the following section of the by-laws: "Sec. 18. The secretary shall keep a record of proceedings of the board of directors. He shall keep the books and accounts and seal of the company; conduct all correspondence; collect all moneys due the association; countersign all certificates,

and make all assessments reports and communications. He shall notify members of assessments, giving name of party deceased, beneficiary, attending physician and undertaker; also the cause of death, and such information as he may think of interest to the members. He shall each day, before banks close, balance his cash account, and turn over the balance of moneys on hand to the treasurer, for which the treasurer shall give a receipt, and perform such other duties as the directors deem necessary.''

The defendant's demurrer to the petition was substantially upon the grounds that there was no tender; that it was not kept good; and that the facts alleged show no cause of action, and do not show that the forfeiture of the policy by reason of the nonpayment of the assessment was waived. The original demurrer was filed before the amendment to the petition.

II. The objection to the tender made by the demurrer, that it was not kept good, is not well taken. It was plaintiff's right, after he had made the tender alleged in the petition, to retain the money in his own possession. Code, sec. 2104.

1. Mutual benefit association: assessments: tender: sufficiency.

III. The petition alleges that, under the custom and course of business of the defendant, which had been observed and practiced by it in repeated transactions of like character with the plaintiff, it had often received payment of assessments after failure of payments which would have worked forfeiture of the policies, and that the secretary had informed the plaintiff, in effect, that forfeiture would not be enforced if payments were not made in thirty days, and that the plaintiff relied upon these customs practices, and statements. The demurrer admits the allegations of the petition; these averments must be taken as true.

2. ——: ——: payment: forfeiture: custom.

Vol. 84—10

IV. It cannot be doubted that it was competent for the defendant to waive the forfeiture on account of the nonperformance of the conditions of the policy. Such waiver could have been made by the secretary, as clearly appears by the consideration of the eighteenth section of the by-laws above quoted.

V. Nor can it be doubted that a general practice and course of business which would lead the plaintiff to rely upon the acceptance of payment for assessments, after failure to pay in the time prescribed by the policy, will operate as a waiver of the forfeiture. Insurance companies cannot lead customers to rely upon their usages, course of business, and the declarations of their officers, which disarm vigilance, overcome watchfulness, and remove stimulus to promptness in payments provided by their policies, and then rigidly enforce the conditions of payment. They must give to the customers the indulgence which they thus promise. Forfeitures on account of omissions to pay sums provided by the policies will be regarded as waived by such usages, course of business and declarations of officers. *Mayer v. Mutual Life Insurance Co.*, 38 Iowa, 304; *Unnsell v. Hartford L. & A. Insurance Co. of Chicago*, 32 Fed. Rep. 443; *Pittsburgh Boat Yard Co. v. Western Assur. Co.*, 118 Pa. St. 415, 11 Atl. Rep. 801; *Tripp v. Vermont Life Insurance Co.*, 55 Vt. 100; *Marston v. Massachusetts Life Insurance Co.*, 59 N. H. 92; *Colton St. Life Insurance Co. v. Lester,* 62 Ga. 247; *Alabama G. L. Insurance Co. v. Garmany*, 74 Ga. 51; *Thompson v. St. Louis M. L. Insurance Co.*, 52 Mo. 469; *Western Horse, etc., Insurance Co. v. Scheidle*, 18 Neb. 495; 25 N. W. Rep. 620.

VI. It must be remembered, too, that the petition alleges that the forfeiture was declared fraudulently, 3. —: —: —: for the purpose of aiding the defendant —: fraud. in another case, and not to enforce its just rights under the policy in suit. This allegation is

admitted by the demurrer. The defense to the policy could not be sustained upon these facts.

VII. The motion to affirm, on the ground that the appeal was not perfected, and the clerk secured his fee for a transcript, is overruled upon a showing that the facts alleged upon which the motion is based are not sustained by the record in the court below.

The decision of the district court is REVERSED.