## MARY A. BIXBY V. THE GRAND LODGE OF THE ANCIENT ORDER OF UNITED WORKMEN OF IOWA, Appellant.

**Benefit Insurance:** SUSPENSION. The suspension for non-payment of assessments of a member of a beneficial association who had made a continuing agreement with its officers that his assessment should be paid out of printing and supplies to be furnished by him is not validated by the fact that the person making the suspension had come into the office after the agreement was made, and did not know of it.

PAYMENT OF DUES OTHER THAN BY CASH:   Such an agreement is not a violation of a requirement of the certificate and by-laws that the member should pay all assessments on or before the twenty-eighth of the month; the printing and supplies, for which the association had power to contract, being equivalent to advance payments.

**Insurance:** WAIVER: *Proofs of loss.* A benefit association waives the right to rely on the suspension of a deceased member by making a full investigation of all the circumstances connected therewith on the presentation of a claim by the beneficiary, and directing the reinstatement of such member and the making of proofs of loss, in the making of which the beneficiary incurs trouble and expense.

**Evidence:** SECONDARY. The determination of a committee appointed to ascertain how the account of a deceased member of a benefit society stands, is admissible in evidence, although the books of such lodge which the committee made use of in reaching its determination are the best evidence of their contents, where the committee had authority to go outside of such books in reaching their conclusions.

**Instructions:** WHO MAY COMPLAIN. Defendant cannot complain of an instruction which required plaintiff to establish an immaterial fact, not alleged or proven.

*Appeal from Linn District Court.*—HON. WILLIAM G. THOMPSON, Judge

### FRIDAY, APRIL 9, 1897.

ACTION to recover upon a certificate of life insurance issued by the defendant upon the life of Jesse C.

Bixby, who died February 13, 1893, wherein plaintiff, his widow, is named as the beneficiary. The case was tried to a jury, and verdict and judgment rendered for the plaintiff. Defendant appeals.—*Affirmed.*

*J. D. & C. Nichols* and *Griffiths & Griffiths* for appellant.

*D. E. Voris* and *Jamison & Burr* for appellee.

GIVEN, J.—I. The pleadings are quite lengthy, and need not be set out. It is sufficient to say of the petition that it asks to recover upon a certificate of membership, in the usual form, issued by defendant to Jesse C. Bixby, for two thousand dollars, payable to plaintiff at his death, and avers his death, proof thereof, and defendant's refusal to pay. It is also sufficient to say of the answer that it alleges that said deceased was suspended from membership, and said certificate rendered void, by reason of his failure to pay certain assessments made thereon. There is no question but that, were it not for the matters set up in plaintiff's reply, said certificate would be void and of no effect because of deceased's failure to pay assessments due and payable before his death. Plaintiff's reply is in five divisions, and, as the contentions rest largely upon the allegations therein, we will set out the substance of so much thereof as is necessary to an understanding of the questions discussed. The first, for want of information, denies certain matters alleged in the answer as to assessments and notices thereof. There is no real dispute as to these, and they need not be further stated. In the second, plaintiff alleges that, when Mr. Bixby joined the local lodge, he entered into a verbal agreement with the officers thereof that he should do the printing and furnishing supplies for the lodge, at certain prices, in

consideration of which "all of his assessments for dues
and death benefits which might be called from time to
time on account of the deaths of members, and with
which to pay death losses, should be kept out of
amount due the said Bixby for printing and supplies;"
that, if Bixby should become indebted to the lodge
on account of dues or death losses, he should
not be suspended or marked in arrears until a set-
tlement was had, and, if he was then found to
be indebted, he should pay it, but that he should not
be called upon or required to pay until notified, and a
statement had of his claim against the lodge; that, in
pursuance of said agreement, he did printing and
furnished supplies for said lodge up to his death; that
the lodge was continuously indebted to said Bixby
therefor, and was so indebted to him at the time of his
death, over and above all dues and assessments.   The
third division is as follows:   That after the death of
Jesse C. Bixby, which occurred on the thirteenth day
of February, 1893, and on or about the twentieth day
of March, 1893, J. M. Booth, a member of the local
lodge and of the committee appointed by the lodge of
which the deceased was a member, made a full report
in writing to L. T. Hanks, grand master workman of
the supreme lodge; and that, after receiving said
report from the local lodge, through J. M. Booth, the
grand master, L. T. Hanks, referred the statement and
report so made to A. St. Clair Smith, one of the
officers of the grand lodge, for investigation, and that
said A. St. Clair Smith, after a full investigation of
all the facts connected with the contract hereinbefore
alleged, as existing between the said Bixby and the
local lodge, reported the facts to the grand lodge, to
the executive committee, at a meeting held at Water-
loo, Iowa, on or about April 28, 1893.   After making his
report, said A. St. Clair Smith, as an officer of the grand
lodge, and acting under instructions from the lodge,

instructed the local lodge, of which the deceased was a member, to make out proof of death and remit to the grand lodge the amount of indebtedness due to the grand lodge on account of Bixby's membership, all of which was done May 5, 1893; and said local lodge remitted to the grand lodge the money in its hands which was thus called for, to the amount of twenty-six dollars, and said sum of twenty-six dollars so remitted, was taken and received by the grand lodge; and thereby said grand lodge adopted, ratified, and approved the acts of the local lodge in the premises, and accepted of the money which was in the defendant's hands, and which it is claimed said lodge failed to remit at the time to the grand lodge. The fourth alleges that, because of its course of dealing and of said verbal contract with said Bixby, the defendant waived any right to suspend him for non-payments within the time fixed. In the fifth it is alleged that the defendant is estopped from avoiding liability on account of non-compliance with the rules by Bixby, because of said agreement, and because the officers of said lodge, from the time Bixby became a member until his death, applied the funds in their hands due to Bixby to the payment of his dues and assessments, and had in its hands at all times funds sufficient to pay all dues and assessments against him.

II. The court, at the request of the plaintiff, gave the following instructions: "(1) It is not claimed by the plaintiff that Jesse C. Bixby paid his assessments within the time fixed by the notice, and provided in the constitution and by-laws of the defendant; but it is claimed that there was a verbal contract between the deceased, Jesse C. Bixby, and the officers of Libra Lodge, No. 19, of which deceased was a member, whereby they received assessments from him more than thirty days after the time limited in said notice, and by allowing

and applying his account against Libra Lodge for
printing and supplies, which it is claimed he furnished
said lodge from time to time, to the payment of his
said assessments and lodge dues.   Upon this subject
you are instructed that if you find from the evidence
that the officers of Libra Lodge made such arrange-
ments with the deceased, Jesse C. Bixby, and that he
did printing, and furnished supplies for the lodge from
time to time, and that his assessments were paid after
the expiration of the thirty days provided in the
notice of assessment, by allowing and applying upon
said assessments and lodge dues the accounts of the
deceased, Jesse C. Bixby, for said supplies and print-
ing; and you further find from the evidence that on
the twenty-eigthth day of April, 1892, the deceased,
Jesse C. Bixby, had in the hands of the officers of said
lodge, due to him for printing and supplies furnished,
sufficient funds, which they had been in the habit of
applying under the arrangements aforesaid, to have
paid all his assessment and dues at said date,—then
you are warranted in finding that the officers of Libra
Lodge have waived the right to forfeit the member-
ship of Jesse C. Bixby, because of his failure to pay
the assessments called for in March and April, 1892,
within the time fixed by the notice and the consti-
tution and by-laws of said defendant, and that his
suspension at said time for non-payment of assess-
ments was illegal and void."

Appellant's first complaint of this instruction is,
that there was no evidence that a verbal contract was
entered into.   The undisputed course of dealing
between the lodge, through its officers, and Mr. Bixby,
and the testimony of Mrs. Bixby, certainly tend to
show some such agreement as that alleged.   It is
argued that these acts are as consistent with the idea
that there was no agreement as that there was.   True,
it is possible that all that was done could have been

done without an agreement, but it would have been unusual. We think the course of dealing quite strongly indicates an agreement, and that the question was properly submitted to the jury.

The next complaint is that, if an agreement is proven, it is not shown to have been a continuing one, but simply with the officer who made it, and therefore not binding upon his successor, who had no notice of it, and who entered the suspension against Mr. Bixby. We think that there is evidence tending to show that the contract was to continue so long as Mr. Bixby remained a member, and furnished printing and supplies to the lodge. The fact that one came into office who did not know of the contract, and who, in violation of it, entered Bixby as suspended, would not validate the suspension. If the suspension was in violation of the contract, that would render it invalid.

A further complaint is that this instruction assumes that officers of a local lodge have power to make a contract with a member different from that set out in his certificate and the laws of the order. The fault of this contention is that it assumes that the agreement alleged was in violation of the certificate and laws. By these, Bixby was bound to pay to his lodge all assessments for death benefits of which he had notice on or before the twenty-eighth day of the month, and, for failure, was liable to be suspended. Suppose Mr. Bixby had, in anticipation of assessments, placed money in sufficient amount in the hands of the lodge, from time to time, to be applied in payment of the assessments as they occurred, would it be claimed that he could be legally suspended? We think not. In this case, according to the allegation, instead of money, Mr. Bixby allowed an indebtedness from the lodge to accrue and remain, under the promise that it would be applied to the

payment of assessments against him.   The one is no
more a violation of the certificate and laws than the
other, but both are payments in advance, in anticipa-
tion of assessments.   Many authorities are cited and
much is said as to the relation of the lodge to the
grand lodge, and as to powers of the local lodge, but
we fail to see their application to this case.   There is
no question but that Mr. Bixby's lodge had power to
contract for printing and supplies, and to collect
assessments.

Appellant contends that this instruction submitted
the question whether the dues and assessments were
to be received more than thirty days after due, when
there was no evidence from which to so find.   This
instruction is not grounded upon any claim of custom
or usage aside from the alleged contract, as in *Lough-
ridge v. Association,* 84 Iowa, 141 (50 N. W. Rep. 568).
What is said as to thirty days and waiving the right
to forfeiture is based upon the terms of the alleged
contract.

Other objections made to this instruction do not
seem to us to require special notice.

III.   The court, at the request of the plaintiff,
gave this further instruction:   "(2) The plaintiff, in
the third division of her reply, further claims that,
after the death of Jesse C. Bixby, she made claim for
the benefits of the certificate of the defendant, and
that the defendant appointed a committee to investi-
gate the standing of Jesse C. Bixby in Libra Lodge,
and that said committee made a full investigation of
all the facts and circumstances connected with the
suspension of Jesse C. Bixby, and that, after a full
investigation of all the facts and circumstances, as
they have been disclosed by the evidence in this case,
instructed Libra Lodge to reinstate the deceased, Jesse
C. Bixby, and that proofs of loss be made and returned
to the grand lodge; and you further find that said

committee had authority to act in the premises, and that, in pursuance of said instruction and direction, proofs of loss were made, and that plaintiff was put to trouble and expense on account of assisting in the preparation of said proofs of loss, and in presenting the same to the grand lodge. Upon this branch of the case you are instructed, if all of the claims and allegations of the plaintiff are established by the evidence, you are warranted in finding that the forfeiture of the certificate was waived by the defendant, and plaintiff is entitled to recover; but, if plaintiff has failed to prove any one of the aforesaid claims and allegations upon which she relies to establish her waiver, you should find for the defendant upon this branch of waiver." It will be observed that the charge that twenty-six dollars was remitted to and received by the defendant is omitted from the instruction, and that the unalleged fact that plaintiff was put to trouble and expense on account of assisting in preparing and presenting proofs of loss is made an element of the waiver of the forfeiture of the certificate. Appellant's complaints against this instruction are that there is no allegation and no sufficient proofs that plaintiff was put to such trouble and expense; that if she was, there is no allegation nor proof that it was at the instance of the defendant; and that the matters stated in the instruction do not constitute a waiver of the forfeiture. A suspension had theretofore been entered against Mr. Bixby. It seems to us that if, upon demand of the plaintiff for payment, the defendant did the things stated in the instruction, it should be held to have waived the suspension. That plaintiff was required by this instruction to prove more than she has alleged, and more than was necessary to establish the waiver, was not prejudical to the defendant. Cases are cited wherein it was held

to be error for the court to submit issues not made in the pleadings, but they do not apply. In this case the court required appellee to prove a fact not alleged nor essential to the waiver claimed. Surely, appellant has no cause to complain of this. Objections made to other instructions are answered in what we have already said.

IV.   Appellant's remaining contentions are as to certain rulings in taking the testimony.   Plaintiff was permitted to prove that a committee was appointed by Libra Lodge to ascertain how Mr. Bixby stood, and that the committee found ten dollars due to him January 1, 1892.   It is insisted that the conclusion of the committee was immaterial, and that the books were the best evidence as to the state of the account.   The books were the best evidence of what they showed, but this committee was to ascertain, not what the books showed, but how Mr. Bixby stood.   They might well, as no doubt they did, inquire outside of the books to see the true state of the account.   Plaintiff was permitted to prove a conversation between one Secrest, an official of Libra Lodge, and Mr. Bixby, concerning his account.   This evidence was material, as tending to show the alleged contract, and Secrest's knowledge of it.   The court admitted a certain document in evidence, not to show the truth of the matters therein narrated, but as notice thereof to appellant.   The complaint is that there was no proof of the matters therein stated.   As to some of the statements this is true, but as to all that apply to this case there was evidence other than the document.

What we have said disposes of all the questions presented in argument, and leads us to the conclusion that the judgment of the district court must be AFFIRMED.