FREDERICK SOMERS V. THE KANSAS PROTECTIVE UNION.

INSURANCE COMPANY — *Application* — *Ratification* — *Binding Signature.*
Where the application for a membership in a mutual insurance company becomes a part of the certificate of membership, and the application states that it "must be signed by the applicant or the certificate if issued will be void," and where it is further shown that an application was made by the husband for the wife, in her absence, and the application was signed by him with the knowledge and consent of the agent of the company, and it is further shown that the application was made at the direction of the wife, and afterward she is informed by the husband of the making of the application, and his action is approved by her, *held*, that by such direction and ratification the signature to the application, in the absence of fraud, becomes in law the signature of the wife, and is binding upon the insurance company.

*Error from Cloud District Court.*

ACTION brought by *Frederick Somers* upon a certificate of membership and proof of death of Martha Somers, his wife. The record shows the facts to be that on the 13th day of June, 1884, Frederick Somers, upon the solicitation of the duly-authorized agent of the defendant, made an application for Martha Somers, his wife, and did duly fill out an application in writing, and signed the same by signing her name thereto, which was witnessed by the agent as the signature of Martha Somers. Plaintiff also at the time paid the agent the mem-

bership fee of eight dollars, and the application was forwarded to the company at Topeka, Kansas, and afterward a certificate was duly issued thereon to Martha Somers. The company at the time had no knowledge that the application was signed by the husband and not by Martha Somers. Afterward, on the 21st day of November, 1884, Martha Somers died, and due proof of death was made to the defendant company. Afterward the company made due assessment upon its members, and such assessment was paid into the treasury of the company. After the assessment had been collected, the company learned for the first time of the fact that the application was signed by the husband and not by the wife, and thereafter refused to make any payment upon that death-loss. Trial at the February term, 1887. By direction of the court the jury returned a verdict for the defendant. Plaintiff brings the case here.

*Laing & Wrong*, for plaintiff in error.

*J. W. Sheafor*, for defendant in error.

Opinion by CLOGSTON, C.: The defendant resists the payment of this claim upon the sole ground that the application for membership was not signed by the applicant, but by her husband, the plaintiff, and rests its defense upon the language of its by-laws, and a clause in said application for membership. At the bottom of the application, and just above the blank for signature of the applicant, appears in the original certificate, in small type, the following:

"Signature of the applicant. The applicant must personally sign or the certificate if issued shall be invalid."

Section 2 of the by-laws is as follows:

"Before a certificate of membership shall be issued, an application therefor made upon a blank furnished by the Union, must be filed in the home office, signed by the applicant by himself or herself, and subject to the approval of the medical director and the president or secretary of the Union. No certificate shall be granted to a person of unsound mind."

It is shown by the evidence in this case, in addition to the facts already stated, that the agent who took this application had full knowledge of all the facts in relation to the signing of the application, and that it was signed by the plaintiff upon his (the agent's) solicitation and request, with the assurance that it was all right, and that he (the agent) would guarantee it to be all right. It is also shown that Martha Somers desired to take an insurance, and had so informed the agent of the company. This information was obtained some time before this application was made, at her residence, in the presence of her husband and the agent, at a time when her husband made an application for membership in the company. It is also shown that before this application was made by the husband, she requested her husband to make this application, or directed him to do so, although not personally present when it was made; and afterward, and after the application had been so signed by the husband, he informed her of his action, and she said it was all right. There was also evidence offered to show that the agent who took this application was a general agent of the company. The plaintiff testified that he held himself out to be the general agent of the company; that he took applications; received membership fees; and collected assessments. It is also shown that he employed sub-agents to take applications, which were returned to him when made, and that he was recognized by the sub-agents as a general agent. The secretary, however, testified that he was only authorized to accept applications and membership fees, and had no authority to collect assessments. However, it is shown that he did collect assessments and transmitted money to the company, and that the company duly receipted to the persons for such payments. Under this state of facts it is perhaps not necessary to determine whether or not the agent was a general agent of the company or not. He had authority to take applications and receive membership fees, and under the scope of this authority what knowledge he had in relation to the applications was notice to his principal, the Kansas Protective

Union, and it must take knowledge of every fact that came to him within the scope of his authority.

Again, while the by-laws expressly provided that the application should be signed by himself or herself, yet these by-laws were not intended and calculated to bind persons not members of the company. They were made to govern the officers of the company more than to govern persons about to become members and who had no knowledge of such by-laws. (*Titsworth v. Titsworth*, 40 Kas. 571.) Again, the application required the applicant to sign in person, and if not so signed the certificate would be void if issued. The plaintiff testified that this was in small type, and the application was taken after night, and while he read the application yet he did not notice or read those words. It will not be contended, we think, that if Martha Somers had been present and had there directed her husband to sign her name, that this would not be such a signing as was contemplated by the application; and if she could do this, might she not direct, although not present, that her husband should sign the application?—and might she not, even if she had no knowledge before the signing, upon being informed of the fact accept and ratify it? We think she might do both. She directed the making of the application, and she ratified it after it was so made. There is no pretense here that any fraud was perpetrated upon the company, or that any of the questions contained in the application were not correctly answered, and as correctly and truthfully as though made by her in person.

We therefore think that the court committed error in directing a verdict for the defendant, and it is recommended that the judgment of the court below be reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.

All the Justices concurring.