### JENNIE THORNBURG v. FARMERS LIFE ASSOCIATION OF DES MOINES, IOWA, Appellant.

Insurance: APPLICATION BY AGENT. Where one person is directed
1    to make application for another for insurance in a mutual
     life insurance company, and in good faith makes correct
     answers and signs the name of his principal who subsequently
     ratifies the act, the association is bound by a certificate issued
     thereon, even though the by-laws require a personal application.

Application by Agent: KNOWLEDGE OF ASSOCIATION: WAIVER.
2    Where the managing officer of a mutual insurance association
     accepts an application for membership with knowledge of the
     fact that it has been filled out and signed for the applicant
     by another, an objection to the validity of the certificate
     based thereon, by reason of such fact, is waived.

Rights of Beneficiary: MONEY JUDGMENT: ASSESSMENT. Where the
3    articles of incorporation of a mutual life association provided
     that the beneficiary shall receive a sum equal to that realized
     from an assessment upon all members at the time of death,
     not in excess of the amount stated in the certificate, and for a
     mortuary fund for payment of losses, and the certificate stipulates for the payment of a certain sum or such smaller sum
     as an assessment in accordance with the articles may yield,
     the beneficiary is entitled to a money judgment for the amount
     of the certificate rather than an order to collect and pay over
     the assessment, in the absence of a showing by the association
     that an assessment would amount to less than the sum named
     in the certificate.

*Appeal from Dallas District Court.*—HON. J. H. APPLE-
GATE, Judge.

WEDNESDAY, JANUARY 20, 1904.

ACTION against defendant, a life insurance associa
tion, on a certificate of membership of one Patrick K.
Thornburg, in favor of plaintiff as beneficiary.   Trial
without jury.   Judgment for plaintiff for the amount
named in the certificate.   Defendant appeals.—*Affirmed.*

*Carr, Hewitt, Parker & Wright* for appellant.

*Woodin, Nichols & Ayres* for appellee.

McCLAIN, J.—It appears that Patrick K. Thornburg
and T. A. Thornburg were brothers, and at the time the
certificate in question was issued were partners in busi-
ness; and that T. A. Thornburg was solicited by one F.
W. Cherry, who was engaged in organizing the associa-
tion, and who subsequently became its president, to be-
come one of the organizing members, and to induce his
brother, Patrick K. Thornburg, to also become a member.
In pursuance of this solicitation on the part of Cherry, T.
A. Thornburg urged his brother to become a member of
the defendant association, and the latter approved of the
proposition, and authorized T. A. Thornburg to make the
necessary application.  Such an application was made out in
the name of Patrick K. Thornburg, and his name signed
to it by the brother, T. A. Thornburg; and on such ap-
plication a certificate was issued naming as beneficiary
the plaintiff, who is the wife of T. A. Thornburg, Patrick
K. Thornburg being a bachelor.   The question as to
whether plaintiff could be the beneficiary under such cer-
tificate is not involved in this appeal, for the reason that
she has shown an assignment to her of the interest of the

estate of Patrick K. Thornburg in the proceeds of the certificate, and therefore is entitled either as beneficiary or assignee to such proceeds. The two principal questions argued are whether the application made out for Patrick K. Thornburg by his brother T. A. Thornburg, was such an application as would support the issuance of the certificate, and whether the plaintiff was entitled to a judgment for the full amount named in the certificate, or only to the amount of the proceeds of an assessment.

I.   It being conceded that Patrick K. Thornburg did not himself sign an application for membership in the defendant association, it is argued in behalf of appellant

1. APPLICATION by agent:

that the certificate is invalid, inasmuch as the articles of incorporation required that a person desiring to become a member must make application for membership, and the by-laws required the application to be signed personally by the applicant; and it is con-. tended that the association had the right to insist on the answers to the questions in the application being made by the individual applicant for membership, and of his own knowledge. Undoubtedly an association might, if it saw fit, impose such conditions; but the question is whether such conditions were imposed and insisted on in this case. It is to be noticed, however, that this is not a case where application is made without the knowledge and approval of the person in whose name the certificate is issued, for it clearly appears that Patrick K. Thornburg authorized his brother to make application for him, and afterwards recognized the certificate issued as a valid certificate in his favor. The question, therefore, is whether the applicant may authorize another to do for him that which he might do for himself towards procuring a valid certificate of insurance. We think it can hardly be doubted that if the applicant, being present at the time application is made out, directs the filling out of the answers to the questions in the application in accordance with his own

knowledge, and directs the affixing of his name to such application by another, the application would be entirely regular and valid, and sufficient to support the certificate. In this case, however, it appears that Patrick K. Thornburg was not present when the application was filled out, and did not specifically direct what answers should be made to the questions therein, and did not at the time direct the affixing of his name thereto; but he did direct his brother to make the necessary application, and did thereby in general authorize his brother to answer the questions and sign his name; and he did afterwards ratify his brother's actions in doing so, and subsequently, under requirement of the defendant association, did submit to a medical examination.   That the brother was competent to state the facts as to Patrick K. Thornburg's age, condition of health, etc., is clearly shown, for the brothers lived together as members of the same family, and had been closely associated in this family and in business operations for years.   Nor is it contended that the answers to the questions in the application were not truthful, or not such as Patrick K. Thornburg would himself have made had he personally filled out the application.

We reach the conclusion that where one person is directed to make application for membership in such an association for another, and makes proper answers to the questions, and signs the name of his principal thereto, and the principal subsequently ratifies his agent's action, the association is as fully bound by the certificate issued in response to this application as though the application had been filled out and signed directly by the applicant. We see no reason in the nature of things why the association would be prejudiced by granting a certificate on such an application.   It would still have the same remedies for false statements or representations in the application as though made by the applicant personally.   There was in this case no fraud perpetrated, for it appears that

Cherry, as the organizer of the association, was consulted with by T. A. Thornburg as to whether the latter might sign the name of Patrick K. Thornburg to the application, and assented that he might do so. It is ingeniously argued that Cherry may not have understood that T. A. Thornburg had filled out or would fill out the answers in the application from his own knowledge, but, on the other hand, that Cherry might have assumed that the question was merely as to whether T. A. Thornburg might, in the presence and under the direction of Patrick K. Thornburg, write in the answers directed by the latter, and sign the latter's name under his immediate personal direction. But we cannot see how the distinction is at all material. If the application was made in good faith and upon authority, and was truthful, how can it matter to the defendant association that it was made as a result of a general direction, rather than a specific and immediate direction as to the particular answers to be made? If Patrick K. Thornburg assumed that his brother had sufficient knowledge as to the condition of his health, and other matters asked about, to make proper answers to the questions in the application, why should it be material to defendant if he was authorized generally and not specifically to do the act which he might have done by particular directions? The conclusion we have reached is supported by authority, and our attention is not called to any cases requiring a different conclusion. See *Somers v. Kansas Protective Union*, 42 Kan. 619 (22 Pac. Rep. 702); *Home Mutual L. Association v. Riel*, (Pa.) 17 Atl. Rep. 36.

The reference just made to the conversation between T. A. Thornburg and Cherry, as to whether the latter could sign Patrick K. Thornburg's name to the applica-

**2. APPLICATION by agent: knowledge of association: waiver.** tion, is made in view of the contention that the defendant association had a right to know whether the application was the act of the applicant. But on other grounds we think this conversa-

tion was material.  Cherry, as an officer of the defendant association, could waive any requirements of the contract that the application must be signed by the applicant, and the issuance of the certificate on this application, with knowledge that it was signed for the applicant by T. A. Thornburg, would clearly be a waiver of any objection on that ground.  Counsel for appellant urge that officers and agents of mutual associations are without power to waive the provisions of the articles and by-laws, · but, with reference to the making of contracts of insurance, they have usually been held to have the same authority when acting for such associations as when acting for an insurance company.  *Watts v. Equitable Mut. L. Ass'n.*, 111 Iowa, 90; *Loughridge v. Iowa L. & E. Ass'n.*, 84 Iowa, 141; *Moore v. Order of Railway Conductors*, 90 Iowa, 721; *National Mut. F. Ins. Co. v. Barnes*, 41 Kan. 161 (21 Pac. Rep. 165); *Wolf v. District Grand Lodge*, 102 Mich. 23 (60 N. W. Rep. 445).  The defendant, therefore, by accepting the entrance fee and dues from Patrick K. Thornburg, with knowledge through its managing officer, Cherry, that the application had been filled out and signed for him by his brother, waived any objection on that ground, and is now estopped from relying thereon.

II.   The articles of incorporation of defendant association provide that the beneficiary of a deceased member or his legal representatives should be entitled "to a sum

**3. RIGHTS of beneficiary: money judgment: assessment.** of money equal to what would be realized from an assessment upon all members, as shown by the books of the association at the time of the death of the member, whose certificates have not yet lapsed, but in no case shall the said sum exceed the amount stated in the certificate of membership of the deceased member;" and the articles further ·provide for a mortuary fund, to be raised by assessments, from which death losses shall be paid.  In the certificate issued it was stipulated that, in the event of the death of Patrick

K. Thornburg during his membership, his beneficiary
should receive the sum of $2,000; with a further stipula-
tion: "The amount due under this contract to Le pro-
vided for by assessment on the membership, levied *pro
rata* according to age, as provided for in the articles of
incorporation, unless otherwise supplied." These pro-
visions of the articles and the contract make it clear that
the beneficiary of the certificate was entitled, not simply
to the proceeds of an assessment, but to the sum of $2,000
unless an assessment on the membership of the association
as it existed at the time of the death of the member would
not yield that amount. In other words, the amount to be
paid was $2,000, or such smaller sum as an original asses-
ment on the full membership, provided such assessment
was fully paid by the members, would yield. The amount
to be paid, therefore, was capable of definite ascertain-
ment from the books of the association showing the num-
ber of members, and was not dependent on the amount
which might be realized as the result of such assessment.
Under such a contract the beneficiary is entitled to a
money judgment, and not simply to a mandatory order
to make and pay over the proceeds of an assessment.
*Wood v. Farmers' L. Ass'n.*, 121 Iowa, 44; *Hart v.
National Masonic Acc. Ass'n.*, 105 Iowa, 717; *Mut. Acc.
Ass'n. v. Barry*, 131 U. S. 100 (9 Sup. Ct. Rep. 755, 33 L.
Ed. 60). And the burden was on the defendant to show
that an assessment on its membership at the time of the
death of the member would not have yielded the full
amount named in the certificate. *Supreme Council of A.
L. of H. v. Anderson*, 61 Tex. 296; *Elkhart Mut. Aid. etc.
Ass'n. v. Houghton*, 103 Ind. 286 (2 N. E. Rep. 763, 53
Am. Rep. 514;) *People's Mut. Ben. Soc. v. McKay*, 141
Ind. 415 (40 N. E. Rep. 910). The trial court did not err,
therefore, in rendering judgment for the full amount
named in the certificate, in the absence of any showing by
defendant that an assessment at the specified rate on its

membership as shown by its books at the time of the death of Patrick K. Thornburg would have amounted to a smaller sum than that named in the certificate.

III.  A number of errors are argued with reference to rulings in the admission of evidence.  We have examined all of them, and find them either to be without merit, or to relate to matters which could not have any material bearing on the result of the case.  It would not be profitable to set out at length the evidence of the witnesses for the purpose of explaining how the rulings were not erroneous, or, if technically incorrect, were not in any way prejudicial.  Counsel also object to the admission in evidence of certain alleged proofs of loss, and contend that, as the claim did not mature until ninety days after proof of loss had been served, a cause of action did not exist at the time this suit was brought; but the examination of the record shows that proofs of loss were duly sent to the association immediately after the death of the assured, and, as defendant does not claim that they were not received or that they were not sufficient, we think that it satisfactorily appears that they were sent within such time after the death of Patrick K. Thornburg, which was June 5, 1901, as that the action commenced October 19th following was not premature.

The conclusion of the trial court was correct as to matters of law, and is fully supported by the record as to matters of fact, and it is AFFIRMED.