Annie Van Norman, Appellant, v. Modern Brotherhood of America.

Beneficial insurance: FORM OF ACTION BY BENEFICIARY. The beneficiary in a mutual benefit certificate is entitled to prosecute his action at law for the amount due, rather than in equity, to compel the association to levy an assessment to meet the death loss of the member, where it is provided by the certificate and by laws that the association shall pay all death losses from a fund to be raised by assessments made at the discretion of the board of directors, and the petition alleges that the society has on hand in such fund a sum largely in excess of the amount required to pay the certificate.

Actions: TRANSFER TO EQUITY: PREJUDICE. Where the issues are triable at law and the evidence is in such conflict as to require their submission to a jury, error in transferring the cause to the equity calendar for trial is prejudicial.

*Appeal from Linn District Court.*— HONS. B. H. MILLER. and J. H. PRESTON, Judges.

MONDAY, MAY 20, 1907.

ACTION brought at law by the beneficiary in a mutual benefit certificate issued by defendant, to recover the amount provided by the certificate to be paid on the death of the member. On motion of defendant, the case was transferred to the equity docket, and on the evidence introduced under the issue raised by defendant's answer as to whether the insured died by suicide, within the terms of an exception contained in the certificate, there was a judgment for the defendant. Plaintiff appeals.— *Reversed.*

*Voris & Haas,* for appellant.

*Grimm, Trewin & Moffit,* for appellee.

McCLAIN, J.— I. The first contention for appellant is that the action of the trial court in transferring the case to the equity docket, to which exception was properly taken,

1. BENEFICIAL INSURANCE: form of action by beneficiary.

was erroneous. The provision of the certificate, set out as an exhibit to plaintiff's petition, is that said certificate entitles the person named to membership in the fraternity, and, " in case of the death of the said member while in good standing, permits his beneficiary to participate in the mortuary fund to the amount of one full assessment on all members in good standing in the fraternity, not to exceed two thousand dollars, which shall be paid to " the beneficiary named, who is the plaintiff in this action. And in the by-laws, portions of which are also set out by way of exhibit, it is provided that

the Supreme Lodge shall by and through its Board of Directors assess and collect from every member of the fraternity such sums as are fixed by the table of rates provided in said by-laws, " to pay benefits upon the certificates of deceased and disabled members "; and, further, that the board of directors may in its discretion set aside and use for field work and field expenses not to exceed 75 per cent. of the amount of the first twelve assessments paid by all new members, with the provision that no part of the said 75 per cent. shall be so used in any month until the death losses for that month have been paid or proper provision made for their payment. There are further provisions in the by-laws for the making of assessments by the Supreme Lodge, whenever in the judgment of the Board of Directors the condition of the Supreme Lodge requires an assessment to be made, which assessments are to be forwarded to the Supreme Lodge for the benefit fund; and that after proofs of death have been received by the Board of Directors, and claims allowed, an order shall be drawn as soon as the funds on hand will justify for the amount due on such certificates. The allegations of the petition with reference to the defendant's mortuary fund are that such fund is always on hand for the purpose of paying death losses, the same being provided by advance assessments and assessments to be called from time to time when said fund becomes depleted or insufficient to pay death losses as proven; that one full assessment on all members in good standing in the defendant association was at the date of the death of the member named in this certificate a sum largely in excess of the sum to be paid upon said certificate; and that the said sum of $2,000 to be paid had already been collected and was in the possession of the defendant.

Under these allegations in the petition, we are clearly of the opinion that the plaintiff was entitled to maintain an action at law and recover judgment, on proof of a loss within the terms of the certificate, and should not have been required to proceed in equity for the enforcement of an assess-

ment, the proceeds of which should be paid over to an amount not exceeding $2,000, if plaintiff's cause of action was otherwise established. The cases relied on for appellee are those in which the certificate provided for an assessment in the event of the death of a member to pay the loss, and the payment to the beneficiary of the specific proceeds of such assessment, after deducting expenses of collection, etc., to an amount not exceeding the sum named in the certificate. See *Rambousek v. Supreme Council*, 119 Iowa, 263; *Collins v. Bankers' Accident Insurance Co.*, 96 Iowa, 216; *Tobin v. Western Mutual Aid Society*, 72 Iowa, 261; *Newman v. Covenant Mutual Benefit Ass'n*, 72 Iowa, 242; *Rainsbarger v. Union Mutual Aid Ass'n*, 72 Iowa, 191; *Bailey v. Mutual Benefit Ass'n*, 71 Iowa, 689.

But under the allegations of the petition in this case, including the provisions in the certificate and by-laws, incorporated by reference, the obligation of the defendant was not to make an assessment, and turn over the proceeds to the plaintiff, but it was to pay the amount specified from a fund raised by assessments made by the Board of Directors at its discretion; not for the payment of a specific death loss, but for the payment of all death losses, claims for which had been approved by the board. Under such a contract, the plaintiff was entitled to a judgment at law for such amount, not exceeding $2,000, as an assessment on all members in good standing would yield. *Thornburg v. Farmers' Life Ass'n*, 122 Iowa, 260; *Wood v. Farmers' Life Ass'n*, 121 Iowa, 44; *Hart v. National Masonic Accident Ass'n*, 105 Iowa, 717. The amount of recovery is simply a matter of computation, based on the number of members and the rate of assessment. *Mutual Accident Ass'n v. Barry*, 131 U. S. 100, 123 (33 L. Ed. 60). The burden was on the defendant to show that such an assessment would yield less than the full amount called for by the certificate. *Wood v. Farmers' Life Ass'n, supra*. If the plaintiff could establish the facts alleged in her petition she was entitled to a judgment

at law.  She should not have been required, therefore, to proceed in equity.  Her case should not have been taken out of the forum in which her action was properly instituted, when she had done nothing to disqualify herself from proceeding therein.  *Crissman v. McDuff,* 114 Iowa, 83; *Watson v. Bartholomew,* 106 Iowa, 576.  The cases relied upon by appellee, already cited, were not cases in which it was held that there was a right to have the case transferred from the law to the equity docket.  The question involved in those cases was whether plaintiff was entitled to recover in an action at law, or whether an action in equity instituted by the plaintiff was maintainable.  If, under the allegations of the petition, a judgment at law might be recovered, it was not proper to require the plaintiff to proceed in equity.  We have no concern now as to whether plaintiff's judgment at law, if recovered, could have been enforced without some kind of an auxiliary proceeding to compel the collection of money by assessment.  It is enough that plaintiff might have recovered a judgment under the allegations of her pleading.  She had the right to take her chances as to whether a judgment in her favor at law would be effectual to secure the payment of the amount recovered.

It is contended for appellee that answers to interrogatories propounded to defendant, in connection with plaintiff's petition, showed that no fund was in the possession of defendant from which a judgment, if recovered, could be paid.  Even if this were true, it would be no reason, as above indicated, why plaintiff should not have a judgment at law, if she saw fit to take it.  Moreover, the answers do not satisfy us that a judgment at law would not be effectual.  But, however this may be, the answers to interrogatories propounded in the pleadings are to be used as evidence.  See Code, section 3604.  They are not a part of the pleadings.  *Lane v. Krekle,* 22 Iowa, 399.  The motion to transfer should have been determined with reference to the pleadings,

and not with reference to what the evidence on the trial might be.

II.   For the appellant it is further urged that, without regard to the error in transferring the case to the equity docket, the judgment should have been for the plaintiff, while for appellee it is contended that the evidence so conclusively established the defense of suicide that no different result could have been reached had the case been submitted to a jury, and that therefore the error in transferring the case to the equity docket was without prejudice.   Without setting out the evidence, or commenting upon it, which would be improper, in view of a new trial, it is sufficient to say that we are satisfied that there was such conflict as to the essential facts that a determination of the issues of fact should be made by a tribunal authorized to determine such issues in a trial at law.   The burden of proving the affirmative defense of suicide was on the defendant, and, if inferences are to be drawn from the facts with reference to whether the deceased committed suicide, such inferences should be left for the determination of the proper tribunal determining issues of fact.   As between an accidental and a suicidal death, the presumption is that the death was accidental. *Stephenson v. Bankers' Life Ass'n,* 108 Iowa, 637; *Tackman v. Brotherhood,* 132 Iowa, 64.

2. ACTIONS: transfer to equity: prejudice.

The decree of the lower court is therefore reversed, and the case is remanded for further proceedings in harmony with this opinion.— *Reversed.*