MARY STEUERNAGEL, Respondent, *v.* SUPREME COUNCIL OF THE ROYAL ARCANUM, Appellant.

Associations — mutual benefit association — when amendment to by-laws is binding upon existing as well as new members — waiver — when provision in by-laws for suspension of member who has disappeared waived by acceptance from his wife of his dues during six years after notice to local council of disappearance — supreme council chargeable with knowledge of local — by-law prescribing that council and officers shall be agents of members ineffective — section 239 of Insurance Law not applicable.

1. An amendment to the by-laws of a mutual benefit association which does not transcend the bounds of moderation but merely substitutes an examiner of claims for the committee on laws as the administrative agency to approve the sending of a notice is binding upon all the members, existing as well as new.

2. A provision in a by-law of such association, imposing a duty upon every officer or member who has knowledge of the disappearance

of a member to make a report at once to the local council, which is directed to forward the report at once to the supreme secretary, who is to send a prescribed notice at once to the missing member at his last known address, who, in the event that he shall fail to furnish the council with his address within six months, shall stand suspended, may be waived, and where, upon the disappearance of a member, the plaintiff, his wife, promptly notified the collector of the local council, who informed her that at a meeting of the council he had explained the situation and that if she wished the benefit of the certificate she must continue to pay the dues, and subsequently other collectors told her to keep on paying dues, and not until after six years had elapsed were dues declined and an attempt made to enforce the suspension, the plaintiff might fairly interpret the delay as a waiver of the forfeiture and an election to retain her missing husband as a member in good standing. Waiver is strengthened in such conditions by the reinforcement of estoppel, and the failure to suspend coupled with acceptance of the dues is a manifestation of election too strong to be misread.'"

3. The effect of defendant's inaction cannot be avoided by the disclaimer of knowledge of the events which entitled it to act. The defendant is chargeable with the knowledge of the council whether report was made or not. The duty of disclosure is presumed to have been discharged and, except in circumstances of adverse interests or of fraud, evidence will not be heard that the duty was ignored.

4. A by-law prescribing that the council and its officers, in performing its duties, shall be the agent of the members thereof and not of the supreme council, is ineffective to reverse the relation between the defendant and its agents.

5. The provision of section 239 of the Insurance Law (Cons. Laws, ch. 28) that the constitution or laws may provide that no subordinate body nor its officers or members shall have authority to waive any of the provisions thereof, does not apply to foreign corporations and if it did the case at hand would not fall within its terms. The defendant is not charged with any waiver by the local council. It is charged with its own waiver, the inaction of the central body. Disability to waive is not the same as disability to learn and to report.

*Steuernagel* v. *Supreme Council Royal Arcanum*, 198 App. Div. 1002, affirmed.

(Argued October 19, 1922; decided November 21, 1922.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department,

entered November 7, 1921, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

*Uriah W. Tompkins* for appellant.   The amendment to section 400, in force in 1915, within the authority of numerous and well-adjudicated cases, was not an impairment of vested rights, was reasonable and became applicable to and controlled the contract in suit.   (*Cunningham* v. *Supreme Council,* 165 App. Div. 52; *Schultz* v. *Supreme Tent,* 23 S. W. Rep. 903; *Ayers* v. *Order of United Workmen,* 188 N. Y. 286; *Knights of Pythias* v. *Mines,* 241 U. S. 574.)   Section 400 of the by-laws, in force at the time the contract in question was entered into, cannot be regarded as unreasonable and void.   (Bacon on Benefit Societies [3d ed.], § 81; *Kelly* v. *Supreme Council,* 46 App. Div. 79; *Cobble* v. *Royal Neighbors,* 219 S. W. Rep. 118; *Steen* v. *Modern Woodmen,* 129 N. E. Rep. 546; *F. A. Order* v. *Armstrong,* 106 Va. 746; *Bennet* v. *Sov. Camp, W. O. W.,* 168 S. W. Rep. 1023; *Shartle* v. *M. W. of A.,* 122 S. W. Rep. 1139; *Kocher* v. *Sup. Cl., Cath. Ben. Legion,* 65 N. J. Law, 649; *Bright* v. *Sup. Cl., Cath. K. & L. of Am.,* 209 S. W. Rep. 379; *United Moderns* v. *Rathbun,* 104 Va. 736; *Wilson* v. *Union Mut. Ins. Co.,* 77 Vt. 28; *Burgeois* v. *Mut. Fire Ins. Co.,* 86 Wis. 402.)   The acceptance of assessments from the time of disappearance down to 1916 did not constitute a waiver or estop the society from enforcing its disappearance by law.   (*Supreme Council* v. *Behrend,* 247 U. S. 394.)   Notice to local council officers is not notice to the parent organization and local council officers have no authority to waive by-law requirements.   (*Klein* v. *Loyal Assn.,* 163 N. Y. Supp. 7; *Clair* v. *Sup. Cl., R. A.,* 155 S. W. Rep. 892; *Huntington* v. *Fraternal Reserve Assn.,* 181 N. W. Rep. 819; *Valentine* v. *Head Camp, W. O. W.,* 180 Pac. Rep. 2; *Hartman* v. *Nat. Cl., K. & L. of S.,* 175 S. W. Rep. 212; *Brittenham* v. *Sov. Camp, W. O. W.,* 167 S. W. Rep. 587; *Day* v.

*Supreme Forest, Woodmen Circle,* 156 S. W. Rep. 721; *Hartman* v. *Nat. Cl., K. & L.,* 147 Pac. Rep. 931; *Wheatley* v. *Knights of Columbus,* 170 S. W. Rep. 937; *Order of United Commercial Travelers* v. *Young,* 212 Fed. Rep. 132.)

*Louis Rosenberg* for respondent. The appellant is charged with having knowledge of the disappearance of Daniel Steuernagel as early as 1910, and assuming the disappearance by-laws to be operative, was obligated to show that it proceeded pursuant to the particular by-law then in force; and its acceptance of dues with this knowledge waived its right and estopped it from enforcing either of the disappearance by-laws. (*Adams* v. *Roscoe Lumber Co.,* 159 N. Y. 176; 1 Bacon on L. & A. Ins. [4th ed.] § 186; *Pringle* v. *Modern Woodmen,* 76 Neb. 384; *Rewitzer* v. *Switchmen's Union,* 112 App. Div. 708; *Markgraf* v. *Fellowship of Solidarity,* 65 Misc. Rep. 64; *Beil* v. *Supreme Lodge,* 80 N. Y. Supp. 751; *McClure* v. *Supreme Lodge,* 59 N. Y. Supp. 764; *Schoeller* v. *Grand Lodge,* 96 N. Y. Supp. 1088; *Jennings* v. *Supreme Council,* 81 N. Y. Supp. 90; *Mannheimer* v. *Independent Order, Ahawas Israel,* 145 N. Y. Supp. 74; *Bochdam* v. *Supreme Lodge,* 67 Misc. Rep. 407.) The appellant was bound to show compliance with section 400 of the code of constitution as it existed in the code of 1901, and this it failed to do; that section, however, was in any event unreasonable, oppressive and void. (*Payne* v. *M. R. Society,* 2 How. Pr. 220; Bacon on L. & A. Ins. [4th ed.] § 106; *Burns* v. *M. B. Mfrs. Aid Society,* 102 App. Div. 467; *Kennedy* v. *Local Union No. 726,* 75 App. Div. 243; *Stanton* v. *Eccentric Assn. of Firemen,* 130 App. Div. 129; *Taufer* v. *Brotherhood of Painters,* 137 App. Div. 838; *Fleming* v. *M. L. Ins. Co.,* 180 N. W. Rep. 282.) The disappearance by-law, as amended and as set forth in the code of constitution of 1915, could not be applicable, because unreasonable, oppressive and void,

and because the amendment interfered with the vested rights of the member, and because there was no proof as to the date of its adoption. (*Shipman* v. *Protective Circle,* 174 N. Y. 398; *Beach* v. *Supreme Tent,* 177 N. Y. 100; *Evans* v. *Southern Tier, etc., Assn.,* 182 N. Y. 453; *Dowdall* v. *Catholic Mutual Benevolent Assn.,* 196 N. Y. 405; *McClement* v. *Supreme Council,* 222 N. Y. 470; *Parish* v. *Produce Exchange,* 169 N. Y. 34; *Green* v. *Royal Arcanum,* 206 N. Y. 591; *Mannheimer* v. *Independent Order,* 145 N. Y. 77.)

CARDOZO, J.  In 1903 the defendant, the Supreme Council of the Royal Arcanum, issued to Daniel Steuernagel, who was a member of one of the subordinate or local lodges, a benefit certificate in the sum of $1,000, payable upon his death, if he was then a member in good standing, to Mary Steuernagel, his wife.

Daniel Steuernagel disappeared in May, 1910, and has never been heard from since.  Notice of his disappearance was at once given by his wife to the collector of the local council.  She was informed by the collector that at a meeting of the council he had explained the situation, and that if she wished the benefit of the certificate, she must continue to pay the dues.  Following that advice, she made her payments regularly, and obtained receipts in the usual form.  Another collector, appointed in 1913, learned of her plight about the time of his appointment, and again told her to keep on.  In 1915, after paying for five years, she inquired whether the time had come when the benefit was due, and was advised that to collect it she must contribute even longer.  There was no hint in all these years that her standing was contested.  The first suggestion of a contest came in May, 1916, when she made tender of the dues then payable.  Six years had then elapsed since her husband's disappearance, and at the end of seven years there would be a presumption of his death (*Butler* v. *Mut. Life Ins. Co. of New York,* 225

N. Y. 197). The collector declined to accept the tender of May, 1916, asserting that its acceptance was forbidden by one of the by-laws of the order.

The by-law thus invoked imposes a duty upon every officer or member who has knowledge of the disappearance of a member to make report at once to the local council. It imposes a duty upon the local council to forward the report at once to the Supreme Secretary as the representative of the Supreme Council. It requires the Supreme Secretary to send a prescribed notice " immediately " and by registered mail to the missing member at his last known address or residence. It provides that " a member who shall fail or neglect to furnish the council," either personally or in writing, with a statement of " his address including both place of business, if any, and his residence, within six consecutive months after date of such mailing to said member by the Supreme Secretary, shall stand suspended from all rights, benefits and privileges of the order upon and after the date upon which said period of six months expires, and no assessments nor dues shall thereafter be received from him or on his account." The suspension can be terminated only by complying with the laws governing the reinstatement of suspended members, and by the submission of a written explanation of the disappearance and absence. When Steuernagel joined the order, the by-laws provided that the Supreme Secretary before sending the prescribed notice should obtain the written approval of the members of the Committee on Laws. An amendment adopted in 1915 substituted the requirement of approval by the Examiner of Claims.

The defendant attempted to prove an approval in October, 1915, by the Examiner of Claims and notice by the Supreme Secretary pursuant thereto. The trial court rejected the evidence on the ground that the notice should have complied with the by-law in force when membership began. The fact was admitted that at the

end of seven years proofs of death in due form were tendered and declined. Upon motions made by each side at the close of the case, the court directed a verdict in favor of the plaintiff. No request was made that any issue of fact be submitted to the jury.

We find no merit in the argument that the amendment of the by-laws did not touch existing members. The application for membership and the certificate itself expressly pledge submission to by-laws thereafter adopted as well as by-laws then in force. We assume that even under such a contract, the power of amendment is not exempt from all restraint. The cases sometimes say that the power will not be extended so as to destroy a vested right (*Evans* v. *Southern Tier Masonic Relief Assn.*, 182 N. Y. 453, 456; *Beach* v. *Supreme Tent of K. of M.*, 177 N. Y. 100, 104). What is meant is that the change must be reasonable in nature and degree (*Weber* v. *Supreme Tent of K. of M.*, 172 N. Y. 490, 494). The distinction is between an amendment transforming the contract of membership in its fundamental scheme and purpose, and one affecting merely the forms and methods of administration, the course of practice and procedure, things incidental and subordinate rather than primary and essential (*Ayers* v. *Ancient Order of United Workmen*, 188 N. Y. 280, 286; *Weber* v. *Supreme Tent of K. of M.*, *supra*). This amendment does not transcend the bounds of moderation, however narrowly we draw them. All that it does is to substitute an Examiner of Claims for the Committee on Laws as the administrative agency to approve the sending of a notice. Steuernagel knew when he accepted the certificate that he was subject to suspension in the event of disappearance. Some courts have held that 'suspension is effective even though the by-law that permits it is adopted after admission of the member (*Royal Arcanum* v. *Vitzhum*, 128 Md. 523; *Steen* v. *Modern Woodmen of America*, 296 Ill. 104). We are not required

17

in the disposition of the case at hand either to approve that ruling or to condemn it.   This contract was made in view of suspension as a possible contingency, and its essence was not impaired by a change of the agencies that were to give effect to its conditions.

2. We think that the by-law as amended, though binding upon all the members, imposed a condition which the defendant was at liberty to waive, and that the evidence supplies a basis for the finding of a waiver.

Notice of suspension is to be given at once upon notice of disappearance.   It was not given for more than five years.   We think the plaintiff might fairly interpret the delay as a waiver of the forfeiture and an election to retain her missing husband as a member in good standing. She knew that during all these years she had been paying dues for his account, which found their way into the defendant's treasury.   She knew or was chargeable with knowledge that notice of suspension, if it was to be sent at all, was to be immediate, and that the giving of any notice could be frustrated by the veto of the Committee on Laws or later of the Examiner of Claims.   Some postponement there might be without leading to the inference of waiver, for failure to act at once is as consistent with investigation and conference as with definitive election. Unreasonable inaction, on the other hand, is a token of abandonment, and its significance increases whenever hardship would be done or good conscience offended by a tardily revived activity.   Here the hardship and the affront to conscience are manifest if the plaintiff is denied the right to act upon the appearance of an undisturbed relation.   The by-law was framed in recognition of the rule that disappearance and absence, unexplained and unbroken for a term of seven years, will give rise to a presumption that the missing one is dead.   The defendant had the privilege by prompt notice of election when the term was yet beginning to protect itself against liability for a death made out by mere presumption.

What it did was to postpone election until the term was drawing to a close, and then rid itself of the burden after the enjoyment of the benefits. The fruit was thrown away when the juices had been extracted, and there was nothing left except the rind. Waiver is strengthened in such conditions by the reinforcement of estoppel ( *Knights of Pythias* v. *Kalinski*, 163 U. S. 289, 298; *Gibson El. Co.* v. *L. & L. & G. Ins. Co.*, 159 N. Y. 418; *Pringle* v. *Modern Woodmen of America*, 76 Neb. 384; 2 Williston Contracts, p. 1446). Failure to suspend coupled with acceptance of the dues is a manifestation of election too strong to be misread. The by-law was not intended to be a cover for oppression.

The defendant attempts to avoid the effect of its inaction by the disclaimer of knowledge of the events which entitled it to act. We are without evidence that the local council made prompt report to the Supreme Secretary of the disappearance of the member. No such evidence is necessary. The defendant is chargeable with knowledge of the council whether report was made or not (*Lewis* v. *Guardian F. & L. Assurance Co.*, 181 N. Y. 392, 396). The duty of disclosure in the language of some of the cases is " presumed " to have been discharged (*Henry* v. *Allen*, 151 N. Y. 1; *Hyatt* v. *Clark*, 118 N. Y. 563, 569; *Mut. Life Ins. Co. of N. Y.* v. *Hilton-Green*, 241 U. S. 613, 622), and except in circumstances of adverse interests or of fraud, evidence will not be heard that the duty was ignored (2 Mechem, Agency, §§ 1806, 1813). Knowledge being imputed, the courts are to interpret in the light of the imputation the significance of the events that followed. We start with the hypothesis that duty has been done. The angle of departure shapes the direction of the path.

The defendant points, however, to a term of the contract between the Order and the members, which is counted upon as adequate to vary the rule of notice. A by-law reads: " The Council and its officers in performing the

duties and administering the powers provided by the laws of the Order, shall be the agent or agents of the members thereof, and not of the Supreme Council, and no act or failure to act by the Council or by any officer or member thereof shall create, or be construed so as to create, any liability on the part of the Supreme Council." This by-law is ineffective to reverse the relation between the defendant and its agents. One who acts under a mandate laid upon him by some one authorized to command does not nullify the mandate or its consequences by promising to speak of it as merely optional advice. " To invest him with the duties of an agent, and to deny his agency, is a mere juggling with words " (*Knights of Pythias* v. *Withers*, 177 U. S. 260, 267). " Wherever the agency clause is inconsistent with the other clauses of the policy, conferring power and authority upon the agent, he is treated as the agent of the company rather than of the policy holder " (*Knights of Pythias* v. *Withers, supra,* p. 268). " In so far as the defendant attempted by the enactment of by-laws to make the default or misconduct of its own agent and officer the default and misconduct of the members, who had paid their dues and assessments precisely as the regulations required, its action was nugatory " (*Matter of Brown* v. *Independent Order of Foresters,* 176 N. Y. 132, 137; *Sternaman* v. *Met. Life Ins. Co.,* 170 N. Y. 13, 25, and cases there cited).

We think the doctrine of these decisions is applicable here. The mandate laid upon the council by its superior is express and unmistakable. Any member or officer who learns of the disappearance of a member is to notify the council, and thereupon the council is to notify the Supreme Secretary. The local board is made the agency to gather in the information from the members and to transmit it when collected for the enlightenment of the central body. Members are in effect instructed to give their notice through the intermediary and not otherwise. When they have given it as bidden, they have brought it

home to the principal in the very form prescribed and in the only way expected. Nothing more is to be asked of them. The defendant is liable as it would be if the fact were established that the council had done its duty and passed the notice on.

The defendant gets no aid from section 239 of the Insurance Law (Consol. Laws, ch. 28): " The constitution and laws of the society may provide that no subordinate body, nor any of its subordinate officers or members, shall have the power or authority to waive any of the provisions thereof, and the same shall be binding upon the society and each and every member thereof and on all beneficiaries of members." Foreign corporations are not covered by this provision. If they were, the case at hand would not fall within its terms. The defendant is not charged with any waiver by the local council. It is charged with its own waiver, the inaction of the central body. Disability to waive is not the same as disability to learn and to report.

The judgment should be affirmed with costs.

Hiscock, Ch. J., Hogan, Pound, McLaughlin, Crane and Andrews, JJ., concur.

Judgment affirmed.