## J. M. Holczer *vs.* Independent Brass City Lodge, Inc.

\* First Judicial District, Hartford, May Term, 1926.
Wheeler, C. J., Curtis, Maltbie, Haines and Hinman, Js.

A finding made upon conflicting evidence will not be corrected; nor will additions be made thereto, which would not affect the ultimate conclusions, or which are already substantially embodied therein.

If any portion of a requested addition to a finding is objectionable, the whole will be refused, for neither the trial court nor this court is bound to cull out such portions as might properly be granted.

A fraternal benefit society is charged with knowledge of the contents of its own records and with the knowledge of its officers acquired when acting within the scope of their duty and authority.

When a fraternal benefit society, acting through its duly authorized agents, enters and carries upon its books the name of a person, as a member, and continues thereafter and until his death, to collect and receive all dues and assessments on his account, it thereby, in the absence of fraud on his part or on the part of those claiming the benefit of his membership, waives such formal defects as may have existed in his qualification for, and admission to, membership.

In the absence of a by-law providing a method for the presentation and settlement of claims within the society, the rule that such procedure must be resorted to and exhausted before recourse may be had to the courts, has no application.

Argued May 7th—decided May 29th, 1926.

Action to recover the amount of a death benefit, alleged to be due from the defendant, a fraternal organization, brought to the District Court of Waterbury and tried to the court, *Makepeace, J.;* judgment rendered for the plaintiff for $555, and appeal by the defendant. *No error.*

*Herman J. Weisman,* with whom, on the brief, was *Joseph J. Davis,* for the appellant (defendant).

*Walter F. Torrance,* for the appellee (plaintiff).

\* Transferred from Third Judicial District.

HINMAN, J. We first give attention to that portion of the appeal which relates to the refusal of the trial court to correct the finding by adding thereto certain paragraphs of the defendant's draft-finding. The substance of the first of these, paragraph five, is sufficiently embodied in various paragraphs of the finding. Paragraph six is unsupported by the evidence. As to paragraph eight, reference in a meeting of the defendant organization to the plaintiff's wife becoming a member is set forth in paragraph nine of the finding in a manner which, upon the evidence, is not open to attack; the substance of the provisions of the by-laws as to membership is contained in paragraph thirteen of the finding so far as could be material to the court's conclusions; the remaining subject-matter of the paragraph is not undisputed. Each of the remaining paragraphs in question either consists of, or contains, matter as to which the evidence was conflicting, or which, at most, may not be regarded as admitted or undisputed. It is not the duty of the trial court, or of this court, to cull out such few isolated portions as might be found to be undisputed. *Howd* v. *MacGregor*, 102 Conn. 331, 335, 128 Atl. 518. If we did so, the ultimate conclusions would not be affected thereby.

The subordinate facts in the finding support the essential conclusions of the trial court and the judgment rendered. The defendant society entered and carried the name of Mrs. Holczer upon its books, as a member, and collected and received dues and assessments on her account from 1917 until her death, July 1st, 1921. In April, 1920, the plaintiff, in a letter to the financial secretary of the society, who was charged with the duty of receiving the dues of all members and had full access to all the records determinative of membership, raised the question as to whether or not

his wife was, in fact, a member. The defendant was thereby put upon inquiry, but the fact of her membership was confirmed by the defendant through its financial secretary by thereafter continuing to demand and accept her dues. The society is charged with knowledge of the contents of its own records and the knowledge of its officers having a duty and authority to act in the matter is imputed to it. The defendant had implied knowledge of the manner in which the decedent was enrolled as a member, or at least that she had been enrolled without formal application, examination, and vote, but continued to treat her membership as in full force and effect. It thereby, in the absence of fraud on her part or of the plaintiff, should be held to have waived such defects as existed in her qualifications for membership and in the manner of her admission, and is precluded from now taking advantage of those defects in order to avoid liability. *Steuernagel* v. *Supreme Council of R. A.,* 234 N. Y. 251, 137 N. E. 320; *Modern Woodmen of America* v. *Breckinridge,* 75 Kan. 373, 89 Pac. 661, 10 L. R. A. (N. S.) 136; *Henry* v. *North American Union,* 222 Ill. App. 279, 286; *Thornburg* v. *Farmers Life Asso.,* 122 Iowa, 260, 98 N. W. 105; *Modern Woodmen of America* v. *Lane,* 62 Neb. 89, 86 N. W. 943; *Mee* v. *Bankers Life Asso.,* 69 Minn. 210, 72 N. W. 74; *Supreme Lodge K. of H.* v. *Davis,* 26 Colo. 252, 58 Pac. 595; 7 Corpus Juris, 1096; 29 Cyc. 186, 187.

Such effect as might be claimed from knowledge of the plaintiff, or the decedent, of the conditions of membership imposed by the by-laws, is obviated by the finding that no by-laws had been adopted when the plaintiff and his wife were enrolled as members and none were thereafter communicated to either of them.

The appellant also contends that, the plaintiff's

claim having been presented to and rejected by the defendant society, that decision is final and he has no remedy at law. The extent of the rule relied on is that the procedure, within the society, which is prescribed by its by-laws must be resorted to and exhausted before recourse is had to the courts. *McGuinness* v. *Court Elm City, F. of A.*, 78 Conn. 43, 60 Atl. 1023; *Gardner* v. *East Rock Lodge*, 96 Conn. 198, 113 Atl. 308. We find in the record no by-law regulating prosecution of claims in the defendant society and so have no basis for considering this contention.

There is no error.

In this opinion the other judges concurred.