In the Matter of the Application of ALEXANDER D. WALKER, Respondent, to Vacate and Set Aside the Approval of an Alleged Certificate of Amendment of Certificate of Incorporation of COMMODITY EXCHANGE, INC., Appellant.

First Department, May 7, 1937.

*Donald Marks* of counsel [*Julius B. Baer* and *Arthur Karger* with him on the brief; *Baer & Marks*, attorneys], for the appellant.

*A. Donald Mac Kinnon* of counsel [*Milbank, Tweed, Hope & Webb*, attorneys], for the petitioner, respondent.

*J. Alvin Van Bergh* of counsel [*Eugene Eisenmann* with him on the brief; *Proskauer, Rose & Paskus*, attorneys], for H. Hentz & Co., E. A. Pierce & Co., Real Silk Hoisery Mills and Douglas Walker, *amici curiæ*.

PER CURIAM. The control originally given to the trade groups over amendments to the by-laws affecting their particular commodity did not become a vested right so that such power of amendment could not thereafter be transferred to the membership of the exchange as a whole.

The amendment to the by-laws related to a procedural matter of government of the exchange. The rights of the trade group members were not curtailed by the amendment, much less taken away. They retained their right to vote. Other members were merely given the same rights, as being likewise interested in the subject-matter. The amendment in the circumstances, therefore, was proper. (*Lord* v. *Equitable Life Assurance Society*, 194 N. Y. 212, 232.)

The amendment related not to any particular group, but concerned the members of the corporation as a whole. This was so resolved under section 141 of the by-laws which referred the matter to the jurisdiction committee empowered to pass upon such questions. The amendment to section 139-B of the by-laws, having been passed as prescribed by section 139-A, was proper and legal.

The consolidation agreement itself provided for the amendment of the by-laws. It would be an anomalous situation if this particular by-law, section 139-B, could not be amended because no specific provision for its own amendment was contained in the consolidation agreement itself.

As to the agreement we are of the opinion that considering it tantamount to a certificate of incorporation, it likewise was properly amended pursuant to section 30 of the Membership Corporations Law. The *ex parte* approval given to its amendment was, therefore, likewise proper and should not have been vacated.

It follows, therefore, that the order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion denied, with ten dollars costs.

Present — MARTIN, P. J., O'MALLEY, UNTERMYER, DORE and COHN, JJ.; DORE, J., dissents and votes for affirmance.

DORE, J. (dissenting). The respondent Commodity Exchange, Inc., would be non-existent if the consolidation agreement of February 10, 1933, the instrument which authorized its creation, had failed to contain the mutually agreed upon provisions of article XV, schedule A, thereof, which assured and preserved to the respective four constituent commodity exchanges, autonomy with respect to the control of their respective commodities. Such provision was a basic inducing consideration for the approval and execution

of the consolidation agreement by the four constituent exchanges, as parties thereto; and section 139-B of the by-laws enacted pursuant thereto adequately preserved these agreed rights to such trade groups.

The attempted amendment to the consolidation agreement together with the proposed amendment to section 139-B of the by-laws abrogates and destroys this fundamental control by the registered members of each trade group of amendment to the by-laws and rules affecting the particular commodity in which they are interested. Such amendment did not relate merely to procedural or administrative matter but destroyed and transformed the very foundation upon which the respondent Commodity Exchange, Inc., was created and erected. It was adopted in complete disregard of the express provisions of article XV of schedule A annexed to and forming part of the consolidation agreement, pursuant to which the exchange came into being, as well as in disregard of that portion of section 139-B of the by-laws, which requires that proposed amendments be approved by two-thirds of the registered members of each trade group before adoption.

The term " vested rights " is not rigidly defined in the law. Contract obligations secured by solemn agreement are afforded equal protection, even by constitutional provisions, against impairment without due process of law. The power of amendment under section 30 of the Membership Corporations Law is not exempt from all restraint. Amendments must not be unreasonable in nature or degree; nor in effect, should they destroy or transform the basic contract in its fundamental purpose. (*Steuernagel* v. *Supreme Council of R. A.*, 234 N. Y. 251, 257.)

The order entered June 2, 1936, now appealed from was correctly made, both as matter of law and of discretion, and should be affirmed.

Order reversed, with twenty dollars costs and disbursements, and motion denied, with ten dollars costs.